[Civil No. 1154.   Filed April 2, 1910.]

[108 Pac. 490.]

## JUNG GOON JOW, Defendant and Appellant, v. UNITED STATES OF AMERICA, Respondent.

1. ALIENS—EXCLUSION—CHINESE PERSONS—HEARING.—In deportation proceedings under the Chinese Exclusion Act (Act Nov. 3, 1893, c. 14, sec. 2, 28 Stat. 8 [U. S. Comp. Stats. 1901, p. 1322]), in which defendant was arrested and brought before a United States district judge, the case could not be referred to a United States commissioner, and judgment of deportation rendered upon the evidence in his report, defendant being entitled to a judgment upon a hearing of the witnesses before the district judge personally.

2. BAIL—AUTHORITY TO ALLOW.—The power to allow bail pending appeal is inherent with courts of general jurisdiction, unless prohibited by statute.

3. ALIENS—EXCLUSION—PROCEEDINGS—APPEAL—BAIL.—Under the Chinese Exclusion Act (Act Nov. 3, 1893, c. 14, sec. 2, 28 Stat. 8 [U. S. Comp. Stats. 1901, p. 1322]), providing that an order of exclusion shall be executed by the United States marshal with convenient dispatch, and, pending its execution, defendant shall not be admitted to bail, a Chinese person is not entitled to bail pending appeal from an order of deportation of a district judge to the territorial supreme court, the case not being tried *de novo* on such appeal, so that the order is merely suspended pending appeal, leaving the statutory provision operative.

APPEAL from a judgment of the District Court of the First Judicial District.   John H. Campbell, Judge.   Reversed.

The appellant, a person of Chinese descent, was arrested and brought before the district judge of the first judicial district, charged with being unlawfully in the United States. The judge referred the case to the United States court com-

missioner to take testimony and report to him.   The commissioner reported, recommending the discharge of the appellant, to which report exceptions were filed, and upon the testimony contained in the report, and without further examination of witnesses, the judge ordered the appellant deported.   From which order this appeal is taken.

Edwin F. Jones, for Appellant.

United States Attorney, for Respondent.

DOE, J.—Three questions are raised by the assignments of error; the first being whether the judge had the power to refer the case and to render judgment upon the evidence contained in the commissioner's report.   Because a reference to take testimony and report is unauthorized in cases where trial by jury is a matter of right, it does not follow that the reference may be made when such right does not exist.   In the absence of statutory authority therefor, the classes of cases which may be referred are well defined, and include none analogous to this.   Our attention has been called to but one decision directly in point.   In *United States* v. *Lee Lip* (D. C.), 100 Fed. 842, this question was directly involved, and Mr. District Judge Coxe said concerning it: "Unless my attention is called to some authority which I have not yet seen, I shall hold: (1) That the statute directing that Chinese persons shall be brought before the United States commissioners clothes those officers with jurisdiction.   (2) So far as I have been able to observe, there is not, from the beginning to the end of legislation on Chinese immigration, a single word which authorizes a judge of the United States courts to refer these cases to the commissioners as referees."   In a case where a Chinaman was ordered deported by a United States commissioner, and appealed to the district judge, who determined the appeal upon a transcript of the proceedings before the commissioner, the United States supreme court, in determining the case upon a writ of error, says: "In this case the Chinaman did prosecute his appeal from the commissioner to the district judge.   The statute is curiously silent as to how the appeal is to be heard; it says nothing as to what papers are to be filed, or as to what testimony shall be given. In our view, in giving the Chinaman an appeal, the law con-

templates that he shall be given the right of a hearing *de novo* before the district judge, before he is ordered to be deported. . . . There being no provision of the statute that the hearing shall be upon a transcript of the proceedings before the commissioner, we think when a party demands it Congress intends he shall have the right to a hearing and judicial determination before the district judge." *Liu Hop Fong* v. *United States,* 209 U. S. 453, 28 Sup. Ct. 576, 52 L. Ed. 888.   By the terms of the Chinese Exclusion Act (Act Nov. 3, 1893, c. 14, 28 Stat. 8 [U. S. Comp. Stats. 1901, p. 1322]) United States district judges and commissioners are vested with co-ordinate original jurisdiction in this class of cases.   In this case the district judge might have ordered the warrant returnable before either himself or the commissioner; in the latter case the appellant would have been entitled, upon appeal, to a trial *de novo,* and in the former, we think, was entitled to a determination by the district judge upon a hearing where the witnesses produced might be seen and heard by him.   In view of the conclusion we have reached upon this question we deem it needless to consider the objection that the evidence is insufficient to support the judgment.

The remaining question raised touches the right of appellant to bail pending this appeal.   The act of Congress provides that when an order of deportation has been made by a United States district judge or commissioner: "Such order of deportation shall be executed by the United States marshal of the district within which such order is made, and he shall execute the same with all convenient dispatch; and pending the execution of such order such Chinese person shall remain in the custody of the United States marshal, and shall not be admitted to bail."   While the allowance of bail pending appeal is within the inherent power of the courts of general jurisdiction, the statute in question has been held to prohibit its exercise, upon the theory that the order of deportation is final; its execution merely being suspended and the order becoming effective in event of the appeal being unsuccessful. See *United States* v. *Wong Lee Foo, ante,* p. 252, 108 Pac. 488, and authorities therein cited.   In that case we held that upon appeal from a commissioner's order of deportation the hearing before a district judge must be *de novo,* and for that reason the order of the commissioner became vacated by the

perfection of the appeal and the statutory provision inoperative, but upon appeal to this court the case is not tried *de novo;* the order of the district judge is only suspended and. becomes operative upon an adverse determination of the appeal here.

It follows that bail was properly denied; but, as we are of the opinion that the district judge erred in his mandatory reference for the purpose of taking testimony, and basing his order of deportation upon the evidence contained in the report, the order appealed from is reversed.

KENT, C. J., and DOAN and LEWIS, JJ., concur.