# URBANO PATARAY, GENARA C. PATARAY AND RENALDO BARCENA *v.* LEE HING.

## No. 2577.

SUBMITTED OCTOBER 5, 1944.    DECIDED OCTOBER 12, 1944.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY KEMP, C. J.

This summary possession action was commenced and first tried in the district court of Honolulu where judgment was for the plaintiffs. The defendant appealed to the circuit court of the first judicial circuit, where a trial *de novo* was had before the court without the intervention of a jury. At the close of the plaintiffs' case the defendant rested and moved for a dismissal on the following grounds: 1. That the evidence is not sufficient to establish the relation of landlord and tenant between the plaintiffs and the defendant; 2. that the notice to quit is insufficient in that the rental period did not expire until February 3, 1944, whereas the notice required the defendant to vacate the premises on or before February 1, 1944; and 3, "that the ordinance with reference to the dwelling in this case has not been produced and that should be an affirmative—the burden of proof should be on the plaintiffs to prove." In ruling on the motion the court said: "The Court doesn't take judicial notice of ordinances. It knows in this pro-

ceeding no ordinance whatever. No ordinance has been offered. It was not necessary in this proceeding for the plaintiff to show any ordinance. The plaintiff is depending upon Sec. 4013, containing very clear-cut instructions for bringing summary possession cases. Those directions have been followed. Plaintiffs have made out a case. A written decision in writing will be signed and filed, and judgment as prayed for."

In the written decision the court made the following findings of fact: That the plaintiffs purchased the premises in question on January 4, 1944, for the immediate use of plaintiffs as a dwelling; that on January 21, 1944, written notice was given to the defendant by plaintiffs, through their attorney, that rent was due and payable to plaintiffs in the sum of $30 as and for the month of January, 1944, and notifying the defendant to quit and vacate the premises as of the end of said month of January; that on January 24, 1944, the defendant paid to the attorney for the plaintiffs the sum of $30 then due and owing as rent for the month of January. The court concluded that the defendant not having been previously notified to vacate said premises by the former owner occupied them as tenant pursuant to the provisions of section 4017, Revised Laws of Hawaii 1935; that the notice to vacate from plaintiffs to defendant was in compliance with section 4013 of the Revised Laws of Hawaii 1935; that such tenancy terminated January 31, 1944, and ordered that plaintiffs have and recover judgment against the defendant for the restitution of said premises, together with costs.

The findings of fact bearing on the first and second grounds of defendant's motion to dismiss are amply supported by the evidence and support the court's conclusions as to those grounds. This leaves only the third ground of the motion to be considered, there being no questions

raised by the assignment of errors other than those raised by the motion to dismiss.

The ordinance to which counsel referred has not been made a part of the record in the case. He has set out in his brief as the ordinance to which he referred what purports to be a section of ordinance number 941 of the City and County of Honolulu, which declares it to be unlawful for any person to institute any action or proceeding to recover possession of housing accommodations so long as the tenant continues to pay the rent to which the landlord is entitled under the ordinance unless "The landlord seeks in good faith to recover possession of the property for his immediate and personal use and occupancy as a dwelling."

The plaintiffs' complaint contains an allegation that they seek in good faith to recover possession of these premises for their own immediate use as a dwelling. When they attempted to prove that allegation, counsel for defendant objected to a question propounded to one of the plaintiffs as to why they purchased the premises and in stating his objection said: "We are not contesting that, * * * We are not interested in why he bought the property." Thereupon, and before a ruling on the objection, counsel for plaintiffs offered to prove facts that would have substantiated the allegation in the complaint to the effect that they seek to recover possession for their immediate use as a dwelling. The defendant's objection was sustained and plaintiffs were not permitted to make the offered proof. If this ruling was error, defendant invited it and cannot therefore avail himself of it here. (2 R. C. L., Appeal and Error § 198, p. 238.)

The defendant having successfully opposed the introduction of evidence, which if admitted would have tended to show that even under the terms of the ordinance plaintiffs were entitled to judgment for possession, he will not

be heard to say that the court erred in failing to rule that the burden was on plaintiffs to introduce the ordinance in evidence.

The judgment of the circuit court is affirmed.

*W. Y. Char* for plaintiff in error.

*M. D. White* for defendants in error.