### TELLER v. ATHENS STOVE WORKS, Inc., et al.

No. 543.

District Court, E. D. Tennessee, S. D.

June 5, 1946.

Charles A. Noone, of Chattanooga, Tenn., and D. R. Solomon, of Birmingham, Ala., for plaintiff.

R. A. Davis, of Athens, Tenn., for defendant.

DARR, District Judge.

The plaintiff has a motion for a judgment non obstante veredicto or, in the alternative, for a new trial.

The Court will dispose of the complaints of the motion in accord with its numbered sections.

Sections 1 and 2 concern the motion for new trial upon the grounds that there was no evidence and that the preponderance of the evidence was against the verdict of the jury on issue No. 1 and the judgment entered thereon.

These reasons fail because the issue was very sharp on this proposition, and there was much proof pro and con, all of which warranted the verdict of the jury.

Section 3 is the part of the motion asking for a judgment notwithstanding the verdict. My understanding, all through the case, is that the plaintiff has inferentially conceded the existence of unsettled issues of fact. The defendant has insisted throughout the case that the contract upon which the suit is based was illegal and void, and hence there were no issues of fact. The plaintiff has taken the contrary view. Also, there follow grounds in the motion setting out that the Court erred in not instructing the jury relative to a number of propositions, which further indicate that the Court could not grant a motion for a judgment until first the issues of fact had been decided. In any event, the Court concludes that the evidence supported the verdict.

Sections 4, 5, 6, 7, 8, 9 and 10 complain of error in the Court failing to charge the jury relative to issues presented.

In accord with the defendant's motion to strike these grounds from the motion for a new trial, the Court does so order.

At the trial and after the jury was charged by the Court as to the issues, as the Court saw them, the following occurred:

"The Court: Any suggestions?

"Mr. Solomon: None.

"Mr. Davis: None.

"By Court: Do you want the jury retired for the purpose of objections to the charge?

"Mr. Solomon: No sir.

"Mr. Davis: No.

"Thereupon, the jury retired to consider of its verdict."

This was fair opportunity for the plaintiff to interpose any objections or suggestions, which would include any issues omitted. Having failed to do so the plaintiff cannot now be heard to complain. Rule 51, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

On March 4, 1946, the plaintiff filed a proposed amendment to his motion for new trial, in which it is charged that the Court was in error in rendering a judgment for the defendant because under the proof the plaintiff was at least entitled to a judgment for approximately $4,000.00, this $4,000.00 representing one-fifth of the profits in excess of $60,000.00 earned during the year 1934.

Pretermitting the question of the statute of limitations, this ground for a new trial is without merit by reason of the following:

1. The amendment to the motion was filed too late to be considered under the rules. The verdict was rendered and the judgment announced on February 21, 1946, and notation thereof was made on the civil rule docket. This was an entry of the judgment. Rule 58, Federal Rules of Civil Procedure. It is imperative that the motion for a new trial, and all parts thereof, be served within ten days after the judgment is entered. Rule 59(b), Federal Rules of Civil Procedure.

2. The grounds of the motion assume that the plaintiff was entitled to a percentage of the profits for the whole year 1934. The contract was effective for five years from and after July 15, 1929, and there is great doubt as to whether its terms could be construed to extend to include the full year 1934.

3. Heretofore the Court has not been fully satisfied as to the validity of the contract sued upon. The authorities indicate with much strength that such contract con-

90

cerning capital stock in a corporation is void from its inception.

The plaintiff now most strenuously insists that the written contract was effective throughout the years the plaintiff was employed by the defendant, asserting that there was no express understanding respecting the contract and for this reason it continued its effectiveness by implication of law. Further, that the plaintiff should have reasonable compensation for his services upon the idea of quantum meruit.

It is doubtful if these questions are raised by the motion. Mention of them is contained in the complaints concerning the charge, but these complaints are out for the reasons above mentioned.

In addition to this, the plaintiff cast his lawsuit upon certain propositions exclusive of the contentions now made. The plaintiff insisted that the issues be tried by a jury and agreed that the issues were properly presented.

■ For many reasons cases cannot be repeatedly tried as different theories occur to a litigant. Litigation would never end if a party were permitted to secure a new trial upon the basis of a different theory predicated on the same facts. The Court is of the opinion that the plaintiff has been done no injustice concerning these questions.

Taking a broad view of the whole case, including an attentive study of the position taken by the plaintiff and the position taken by the defendant, under the whole record, it would appear that substantial justice has been done. It is true that the plaintiff has contributed materially to the success of the defendant corporation, but, on the other hand, he has also received reasonably commensurate benefits.

It is quite difficult to escape the impression that the plaintiff, to say the least, has felt that he did not have a clear and plain case against the defendant, whereby he would receive a large amount of stock in this prosperous corporation, because of his long delay in undertaking to assert his claim.

Therefore, the motion for a judgment notwithstanding the verdict or, in the alternative, for a new trial is overruled.