# ROSENHOLM v. FARM BUREAU MUT. AUTOMOBILE INS. CO.

## No. 4595.

District Court, W. D. Pennsylvania.

April 22, 1947.

Marvin D. Power, of Pittsburgh, Pa., for plaintiff.

Joseph F. Weis, of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

Lynn Perry Rosenholm, a minor, was riding a motorcycle with two other young men, on the evening or night of May 22, 1942, in a westwardly direction on the Eastbrook Road near New Castle, Pennsylvania. A collision occurred between the motorcycle and an automobile of Dorothy M. Browning. As a result thereof, Lynn Perry Rosenholm was injured in his left leg.

Dorothy M. Browning was insured as to damages by such an accident with the Farm Bureau Mutual Automobile Insurance Company, Defendant. Defendant's adjustor or agent called on the minor plaintiff and his father, Erick Rosenholm, and made an offer to settle their claim by paying to the father the amount of all medical, hospital and other expenses incurred, and to the minor plaintiff, for pain and suffering endured by him, which they accepted. The adjustor represented to plaintiffs that they should not employ an attorney; that the company would pay the damages aforesaid. The Plaintiffs relied upon this representation and did not bring an action until after the statute of limitations had run. They then brought this action and sought to recover on the basis of the oral contract and the representation relied upon aforesaid.

At the trial the jury returned a verdict in favor of the father, Erick Rosenholm, in the sum of $3000. and in favor of the minor in the sum of $5000. Defendant filed a motion to have the verdict and judgment set aside and to have judgment entered for the defendant in accordance with its motion for a directed verdict and in the alternative that a new trial be granted. This is the motion that is now before us.

At the oral argument, defendant did not press its motion for a directed ver-

dict. It argued only that a new trial be granted and the only reason argued was "that the Court erred in instructing the jury that if they found a verdict for the plaintiff, they should consider loss of earnings and loss of earning power, when there was no testimony that defendant made a promise to pay for those items". This contention or reason cannot be sustained.

This Court, after concluding its general charge and after discussion with counsel, instructed the jury as follows: "In regard to the question of damages, whether it would be for damages due the father or due the son, I have stated to you the general rule of what may be recovered, making that the same as in a negligence case, the three items, ordinarily being for expenses, pain, suffering and inconvenience, and loss of earnings and impairment of earning power. But I will put this qualification to what I have already said to you. That would have to be qualified in this case, providing that the defendant promised to make such payments, or made the statements charged by the plaintiff upon which he claims he relied in not bringing the suit.

"Now if you find for the plaintiffs, you should also find just what was the agreement, what was the statement in regard to the payment of damages, and you would limit your damage, if you find that that was less or was different from what I have stated, to the items of damage which the defendant promised to pay in agreement, or, if you find for the plaintiffs, in the case that you find the representation was made and plaintiff did not bring the action within the statutory time."

 The measure of damages for the breach of the oral contract or representation relied upon by the plaintiffs, is correctly stated in the charge. Plaintiffs did not except thereto. Defendant did not except as to the terms of the oral contract or representation, but limited its exception to the contention that there was no proof of loss of services or of earning power. Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that: "* * * No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

 The defendant, in its motion for a new trial, alleged, inter alia, as reasons that the verdict is contrary to law and is contrary to the evidence. The parties agreed at the oral argument that in the oral contract between the plaintiffs and the defendant and in the representation made by defendant to plaintiffs, there was no promise to pay plaintiffs for loss of earnings or for loss of earning power or wages. It follows that the father's right to recover is limited to medical, hospital and other expenses incurred by him, which aggregated $1976.50. The verdict as to him is therefore excessive in the sum of $1023.50 and should be reduced to $1976.50, or a new trial should be granted. The son's right to recover is limited to pain and suffering. There was evidence that this was considerable. The Court cannot say that the amount of the verdict is excessive.

The motion for a new trial should be refused as to the action of the son against the defendant.