EINAR FISCHER AND DOROTHY FISCHER, HIS WIFE, PLAINTIFFS-RESPONDENTS, v. ALFONSE SALOMONE, TRADING AS PARAMOUNT SHOE REBUILDING AND DRY CLEANERS, DEFENDANT-APPELLANT.

Submitted May 6, 1947—Decided January 8, 1948.

Before Justices BODINE, HEHER and WACHENFELD.

For the appellant, *Reid, Kelly & Flaherty (Jacob Levinson, of counsel)*.

For the respondents, *Charles Schwartzman (Morris Spritzer, of counsel)*.

The opinion of the court was delivered by

HEHER, J. Plaintiffs (husband and wife) were awarded damages by the Judge of the District Court, sitting without a jury, in an action in tort for negligence by defendant in the maintenance of the public sidewalk on its premises No. 467 Main Street, in Metuchen, in consequence of which the wife fell and suffered injuries. Her husband sues *per quod*.

We find no evidence to sustain the judgment. There was proof only of defects in the concrete pavement resulting from ordinary wear and tear. There was no evidence of a structural deficiency in the sidewalk, or of faulty repair, or of any condition attributable to actionable negligence by defendant. Injury ensuing from defects in a sidewalk due to want of

432

repair merely is not actionable. A landowner is not answerable for defects in a public sidewalk caused by wear and tear of the elements or public use, and not chargeable to his own wrongful act. And where a duty simply to maintain the sidewalk in a state of repair is laid by statute or local ordinance upon the owner or occupant of premises abutting upon a public street, its non-performance does not give rise to a cause of action in favor of one injured by a defect due to wear and tear. *Rupp* v. *Burgess,* 70 *N. J. L.* 7; *McKeown* v. *King,* 99 *Id.* 251; *Braelow* v. *Klein,* 100 *Id.* 156; *Glass* v. *American Stores Co., Inc.,* 110 *Id.* 152; *Ford* v. *Jersey Central Power and Light Co.,* 111 *Id.* 112; *Savarese* v. *Fleckenstein,* 111 *Id.* 574; *Volke* v. *Otway,* 115 *Id.* 553; *La Freda* v. *Woodward,* 125 *Id.* 489; *Murphy* v. *Fair Oaks Sanatorium,* 127 *Id.* 255; *Zemetra* v. *Fenchel Realty Co., Inc.,* 134 *Id.* 358. The duty thus imposed is public in nature, for breach of which a private action will not lie. The principle is firmly established in our jurisprudence; and the legislature has not deemed it politic to enlarge the liability.

The judgment is accordingly reversed, with costs.