ARTHUR H. TANGUAY *v.* JENNIE V. TANGUAY.

NO. 2988.

ARGUED FEBRUARY 2, 1956.                    DECIDED FEBRUARY 8, 1956.

TOWSE, C. J., STAINBACK AND RICE, JJ.

OPINION OF THE COURT BY STAINBACK, J.

In this case the circuit judge granted a divorce to appellant-cross-libelant on the grounds of grievous mental suffering but took the question of alimony "under advisement" until a future date. Appellant filed an exception to this decree, in so far as it fails to provide an award of alimony, and appealed to this court.

Inasmuch as this was not a final decree, the court taking under advisement the question of the amount of alimony, it would appear that no appeal would lie to this

court. However, as the so-called appeal was allowed by the circuit judge, it might be considered an interlocutory appeal under section 9503 of the Revised Laws of Hawaii 1945.

It is unnecessary to review the evidence given below because the trial judge found that the appellant was entitled to a divorce on account of the extreme cruelty by the appellee and the evidence amply warrants such finding.

Upon the question of allowing alimony and the amount thereof, we shall briefly touch on the facts as they appear in the record. The appellant is 60 years of age and the appellee 65. The parties were married 37 years ago and have two adult children, both married. In 1946 they moved to Honolulu from Massachusetts where they had been residing during the entire period of their married life, bringing with them some $59,000 which represented the property they had accumulated during their married life. The bulk of this money was held in the name of Tanguay Estates, Inc., a Massachusetts corporation solely owned and controlled by the married couple. There is no dispute that these funds had been acquired through the joint efforts of the parties. One share of stock in this corporation was in the name of the appellant and the remainder in the name of the appellee. A considerable part of this sum, some seventeen thousand odd dollars, was lost in local investments. Subsequently, in 1946, the parties secured a 30-year leasehold on Waikiki property as tenants by the entirety and constructed an apartment house thereon. A mortgage for $40,000 was placed thereon with the Bishop Trust Company, Limited. Numerous complications arose during the construction which necessitated an additional indebtedness of mechanics' and builders' liens of some $30,000, such liens eventually being settled for $16,000. After completion of the building the

parties moved therein and at that time appellee began the course of conduct which was the basis for the divorce. In 1948 appellee took a job on one of the other islands and his wife, appellant, during his absence managed the apartments and herself did considerable work such as painting and cleaning the apartments. During that period appellee made no contribution to appellant's support but she maintained herself with the rentals received from the apartments and applied the balance of such rentals to a reduction of the mortgage. It appeared that appellee had no property other than his interest in these apartments. There was some testimony upon the value of these apartments but the court below made no finding relative thereto. There was also considerable dispute as to whether the appellant owned a 50 per cent interest in the apartments and thus far no finding as to that has been made by the court below in this case or in another proceeding the parties have instituted relative to the title of the property.

There appears to be no question that the appellant was entitled to the divorce awarded her. There also appears no question but that she is entitled to some alimony in the proceeding. There was much argument as to whether the award should be made in gross, it appearing the appellee had — at the time of the hearing at least — no job and no property other than his interest in the apartments.

Although this court has power in appeals from judgments, orders, or decrees, of a judge at chambers, to review, reverse, affirm, amend or modify such decisions in whole or in part, we do not feel that this is a proper case for such modification. Assuming that this case, as before stated, is properly before this court as an interlocutory appeal, it would require the taking of additional evidence to arrive at a just and fair conclusion as to the amount of the award of alimony. The trial judge is in a much better position than this court to weigh the testimony already given and

to take new evidence both upon the ability of the appellee to pay and the value of his property.

The amount of alimony rests in the sound discretion of the trial court and the trial judge himself may modify alimony upon a proper showing. (*Hart* v. *Hart*, 23 Haw. 639; *Sims* v. *Sims*, 34 Haw. 237; *Farm* v. *Cornn*, 31 Haw. 574; *Laing* v. *Laing*, 10 Haw. 183, 184.)

The case is remanded with instructions to the trial judge to proceed in accordance with this opinion.

*John F. Dyer* (*Hogan, Jamieson, Dyer & Rothwell* on the briefs) for appellant.

*Martin Pence* (*Samuel Shapiro* and *Martin Pence* on the brief) for appellee.

