EDMUND FRANCIS MADDEN *v.*

MARY JANE MADDEN.

No. 4090.

AUGUST 16, 1960.

TSUKIYAMA, C. J., MARUMOTO, CASSIDY, WIRTZ AND LEWIS, JJ.

This is an appeal from an order concerning alimony, attorney's fees, division of property, and other matters reserved in a decree of divorce entered August 31, 1956.

Libellant, hereinafter called the "husband," obtained the divorce under R.L.H. 1945, § 12243, now R. L.H. 1955, § 324-81, which provides that where a husband and wife have lived separate and apart for a term of two years or more under a bill in equity for separate maintenance, a divorce may be granted on the application of either party. However, if the equity decree was upon a showing by the wife that the husband was at fault, "the circuit judge sitting in divorce may, in his discretion, even if the divorce proceedings be brought by the husband, decree the payment to the wife of alimony."

Libellee, hereinafter called the "wife," two years previously, on May 10, 1954, had obtained a decree of separate maintenance in Equity No. 5912, First Circuit Court, upon a showing of fault of the husband, to wit, "grievous mental suffering" inflicted upon the wife.

The order appealed from was entered December 13, 1957. It is in the nature of a supplemental decree disposing of the matters reserved by the divorce decree entered August 31, 1956. *Tanguay* v. *Tanguay*, 41 Haw. 345. On June 24, 1958, the circuit judge sitting in divorce, hereinafter called the "divorce judge," denied a motion, filed by the wife on December 17, 1957, seeking to set aside the order of December 13, 1957. The wife's appeal, called "Amended Notice of Appeal," was timely filed on July 15, 1958, this being within thirty days after denial of the motion of December 17, 1957. *Madden* v. *Madden*, 43 Haw. 148.

The matters reserved by the divorce decree were:

"(a) the granting or denial of alimony;

(b) the allowance and allocation of attorney's fees, costs, bills, and expenses, if any;

(c) the existence and division, if any, of the marital property of the parties under the provisions of Section 12226, Revised Laws of Hawaii 1945, as amended by Act 77 of the 1955 Session of the Legislature of the Territory of Hawaii, following the submission of a report by a Master to be appointed by this Court under a separate reference and order."

The decree was prepared by the husband's attorney pursuant to the directions of the divorce judge at the hearing of August 30, 1956. The minutes of that day show the following:

"* * * The question of alimony for the libellee Mary Jane Madden will be reserved and the question of property distribution pursuant to Act 77, S.L.H. 1955 will be referred in general to a master to determine what, if any, property should be divided between the parties.

"Counsel instructed to submit a draft order of reference and if they cannot agree each will submit his interpretation to the Court. Court expects master to submit his report within a thirty-day period from the date of reference. There will be a supplemental decree to be filed after master's report is in. Each party will have opportunity to file objections to master's report, at which time Court will hear them."

Though a divorce judge lacks the power of an equity court to delegate powers to a master in chancery (*Gomes* v. *Gomes,* 26 Haw. 128, 130), neither party objected at the time to the above outlined procedure. The husband subsequently, by the form of order of reference submitted by him on September 26, 1956, took the position that only an appraiser should be appointed but did not seek to amend the decree. The husband also, on October 30, 1956, filed "exceptions" to the order of reference after it was entered but, again, made no effort to amend the decree.

The wife prepared and offered the order of reference in the form entered on October 16, 1956. The wife had no objection to the appointment of the master and indeed urged it.

Errors in the procedure below that were invited by a party cannot be urged here by that party. *Pataray* v. *Lee Hing*, 37 Haw. 14, 16; *Glover* v. *Fong*, 42 Haw. 560, 568. With this principle in mind and having before us the record as to how the master came to be appointed and the participation therein of the appellant, the wife, we nevertheless find reversible error in this record.

We do not find it necessary to determine whether the errors ensuing upon the appointment of the master were without fault upon the part of the appellee, the husband. We have considered below the exceptions of the husband to the master's report, and find his objections to the appointment of the master, made September 26 and October 30, 1956, immaterial at this time.

It will be noted that of the matters reserved by the court by the decree of August 31, 1956, for disposition in a supplemental decree, only the division of property was to be the subject of a master's report. The order of reference was somewhat ambiguous but in view of the terms of the decree of August 31, 1956, and in view of the prefatory statement in the order of reference which limited the whole, i.e., the direction that the master report "as to the following items of information and fact dealing with the property rights of the respective parties," we conclude that items (a) and (b) of the matters reserved by the decree, i.e., "the granting or denial of alimony" and "the allowance and allocation of attorney's fees, costs, bills, and expenses, if any," were not referred to the master.

Though directed, by the Order of Reference dated October 16, 1956, to report within thirty days of that date,

or by November 15, 1956, the master in fact reported one year later, November 5, 1957.

The master interpreted the Order of Reference as "exceptionally broad," covering all the questions reserved by the court. We disagree. Completely outside of the scope of the reference, as interpreted by us, were the following recommendations of the master:

"* * * the Master recommends (1) that no alimony be granted; (2) that no allowance of attorney's fees be made; (3) that all costs and expenses be paid one-half by the husband and one-half by the wife; * * *."

On November 19, 1957, the wife filed exceptions to the master's report, including exceptions to the above-quoted recommendations on the ground, among others, of encroachment upon the court's sole prerogative.

After the husband, on November 21, 1957, had filed a motion for entry of a final order on the basis of the master's report, but with certain modifications to make the order more favorable to the husband as requested by the husband's exceptions to the master's report filed November 15, 1957, the wife on November 23, 1957 moved that the master be directed to make a further investigation "respecting the final division and distribution of the marital estate" and to file a supplementary report.

Both the motion of the husband for entry of a final order and the motion of the wife that the master be directed to make a supplementary report came on for hearing on December 12, 1957. Counsel for the wife contends that the court granted priority of argument to the wife's motion, that this alone was argued, and that only this motion was taken under advisement at that hearing. The minutes do not sustain this contention. By the order of December 13, 1957 the wife's motion was denied and the husband's granted.

The husband's motion brought all the exceptions before

the court. All were overruled on December 13, 1957. The wife's above-noted exceptions to the quoted recommendations should have been sustained since those recommendations were not within the scope of the reference to which the wife consented and the court lacked power to refer issues except by consent. We accordingly reverse that portion of the supplementary decree which relates to denial of alimony and provisions as to costs and fees, subparagraphs (b) and (e), and direct that opportunity be given to adduce evidence on the matters reserved as items (a) and (b) of the divorce decree. That disposes of all specifications of error concerning the matters so reserved, including the specification concerning outstanding medical bills. As to the specification concerning arrearages in payment of alimony ordered in Equity No. 5912, there has been no showing made of prejudice to the wife by reason of there being no mention of this matter in the divorce decree or supplementary decree. We deem this specification abandoned.

We now take up matters concerning the division of property. Those matters were referred to the master. The order of December 13, 1957, followed the first of alternate recommendations of the master. The wife took exceptions to both recommendations. On these matters, also, opportunity must be given to adduce evidence.

The master did not take or report the evidence. *Cf. Ahana v. Wa Yat,* 17 Haw. 326; *Nawahi v. Trust Co.,* 31 Haw. 958. The order of reference made no specific provision for the taking of evidence. The master specifically stated in his report that he expected that the principal factual issue—whether the $10,500 used to purchase the home of the parties was a loan or a gift—would be determined at a hearing before the court. That the court would hear the facts was a premise throughout the report, the "Introduction" of which stated that "the Master pro-

ceeded to review the record, examine witnesses and ascertain the issues and the law applicable thereto *as a preliminary to the hearing and as a guide to the court at that hearing.*" (Italics added.)

A court which lacks power to make a reference must itself hear the witnesses. *Jung Goon Jow* v. *United States,* 13 Ariz. 255, 108 Pac. 490. When a reference is permissible this does not affect the basic principle that the evidence must be taken in the presence of the parties in the regular manner. 45 Am. Jur., *References,* § 26. That this was not done here is undisputed. We find nothing in the record which is tantamount to a waiver by the wife of the right to adduce evidence at some point in the proceedings, at least. Thus the master's report in this case constitutes merely a formulation of issues and presentation of facts which, if no exception has been taken by either party, may be taken as agreed, but if exception has been taken by either party then the evidence must be heard.

The wife took exceptions to the master's report on November 19, 1957. Upon denial of the wife's later motion for a supplementary report, the ruling should have been that the master's report and exceptions thereto were before the court for trial of the issues of fact presented by the exceptions.

After hearing argument on December 12, 1957, the court overruled the exceptions and without the holding of a trial made the order of December 13, 1957. The wife on December 17, 1957, moved to set that order aside asserting, among other grounds, that the wife was entitled to and had not had the opportunity to present evidence. On February 12, 1958, the court, pursuant to an oral ruling made January 25, 1958 after hearing on this motion, made an order providing that the wife might file an offer of proof following which the court would determine whether it would further consider the motion. The offer of proof

was filed on February 25, 1958, but we deem it immaterial. That there were issues of fact which required trial was obvious from the exceptions. The point that the wife had not had the opportunity to adduce evidence was made in the motion of December 17, 1957, and that, in itself, was sufficient to call for setting aside the order of December 13, 1957. However, it is significant that, according to the minutes of May 23, 1958, at which time a further hearing was held on the motion of December 17, 1957, the husband's counsel, while in general opposing a further hearing, conceded that there was no objection to the wife putting on evidence on one issue, which, as we have stated above, was the principal factual issue concerning the property, i.e., the status of the $10,500 sum used to purchase the home of the parties, whether a loan or a gift.

The portions of the order of December 13, 1957 concerning the division of property were subparagraphs (f)-(i) inclusive. Subparagraph (f) adjudged:

"(f) That the interest of the Libellee in the marital estate with respect to that certain piece of improved real estate at 3946 Lanipili Place, Honolulu, Hawaii, owned by the parties as tenants in common, is hereby established to be in the sum of Four Thousand One Hundred Forty One Dollars and 07/100 ($4,141.07) as the Libellee's final share and equity in said real estate;"

This was derived from the master's report, to the following effect:

At the time of the divorce decree of August 31, 1956, the husband and wife, as tenants by the entirety, were the owners of a home. It was appraised at $32,500. There was no exception to the appraisal. The property was purchased shortly after the marriage at a price of $28,000, and was encumbered by a mortgage made by the parties at that time in the amount of $16,000. The balance owing

on the mortgage at the time of the master's report was $12,217.87, leaving an equity of $20,282.13.

By reason of the divorce the parties became tenants in common. *Chock* v. *Chock,* 39 Haw. 657. The wife thus was the owner of a one-half undivided interest in the real property, and the value of her equity was $10,141.07.

The contest between the parties chiefly concerned the treatment of the $12,000 cash which, together with the mortgage money, constituted the purchase price of this property. According to the master's report this $12,000 was made up of three sums: $1,500 borrowed by the husband on his insurance policy; $7,500 obtained from the husband's mother for the purchase of the home; and $3,000 obtained from a family friend of the husband's for the same purpose.

The master recommended that one-half of the $1,500 amount be charged against the wife's equity and, in the first of the alternate recommendations, that one-half of the $10,500 amount also should be charged against the wife's equity, or $6,000 in all, leaving the sum of $4,171.07 as the wife's share of the property. This first recommendation treated the $10,500 as a loan to the husband and stated that "in that event it would be just and equitable in making a fair division or distribution of the property to consider the husband's legal obligation to repay the loan along with all the other circumstances of the case." Since this first recommendation was the one adopted by the court we disregard the other recommendation.

The wife excepted to the $1,500 being considered. She also put in issue the question of fact whether this sum was borrowed on the husband's life insurance policy.

The wife's exceptions further presented the contentions that the $10,500 was a joint gift of moneys to the parties, not a loan; that the wife had not undertaken any loan; that her share of the property was not subject to

reduction by any part of this amount.

The husband's exceptions presented the contention that "the $10,500.00 constituted a loan, not only to himself but to his former wife." The husband contends that in any event under R.L.H. 1955, § 324-37, formerly R.L.H. 1945, § 12226, as amended by S.L.H. 1955, c. 77, the divorce judge had authority to offset the one-half of the $10,500 used in acquiring the wife's share against that share even if it was a gift, and "that would not be an abuse of discretion." As to this latter matter the wife contends that a completed gift to the wife "cannot be undone." However, the whole matter of the treatment of the $12,000 cash payment requires trial and any division made without a trial necessarily was an abuse of discretion. Accordingly, subparagraph (f) cannot stand. This also is true of subparagraphs (g) and (h).

Subparagraph (g) fixed the amount to be paid by the husband to the wife for her share in the property and subparagraph (h) ordered the wife to execute a deed of her share. The latter of course was contingent upon (g). The amount to be paid, fixed by subparagraph (g), in turn was based upon subparagraph (f) *supra,* i.e., the computation of the $4,141.07 sum, and upon subparagraph (e), fixing the amount of fees and costs to be borne by the wife. As to (e), as stated above the wife should have been granted a trial on the merits of her claim that all such items should be paid by the husband, this being outside the scope of the reference. Upon the consideration of that matter there also should be considered the husband's contention, presented by his exceptions, that the costs of depositions and the master's fee should be borne entirely by the wife as unnecessary expense which the wife caused to be incurred.

As to the amount of the master's fee, fixed at $1,200 by the order of December 13, 1957, though the wife in her

motion of December 17, 1957 requested a hearing thereon and it is specified as error that the court allowed "an objected-to, unproved and excessive Master's fee," the master has not been brought before this court and we cannot pass on this specification. H.R.C.P., Rule 73(b) is applicable, and read with Rule 5, there referred to, requires service of the notice of appeal on "each of the parties affected thereby," which includes the master so far as this specification of errors is concerned. See *Theo. Hirsch Co.* v. *Scott,* 87 Fla. 336, 100 So. 157; *Woford* v. *Woford,* 267 Ky. 787, 103 S.W. 2d 296; *Hutchinson* v. *Hutchinson,* 293 Ky. 270, 168 S.W. 2d 738; *State* v. *McDonald,* 63 Ore. 467, 128 Pac. 835.

Involved also in subparagraph (g) are exceptions whereby the wife demanded an accounting for the rental value of the jointly owned home during the husband's separate occupancy, contending that the rental value was in excess of the mortgage payments and costs of maintenance and repair during the same period. These exceptions could not be resolved without an opportunity being given to adduce evidence, unless wholly without relevancy to the wife's rights. This we cannot say, particularly since the wife was denied alimony and there is a period during which she has received neither support money nor her share of the jointly owned property.

Subparagraph (i) of the order of December 13, 1957 provided that the parties should "divide in kind and distribute equally in value between themselves" the jointly owned personal property. The identification of the jointly owned property and the appraised value thereof are in dispute. As appears from the respective exceptions of the parties, the husband would exclude two items from the division, while the wife would add "many items of bride's wedding gifts." This dispute is wholly one of fact, as is the wife's exception to the appraisal of the personal prop-

erty. Unless the parties can resolve these issues the court necessarily must hear the evidence. In this area the court's lack of power to appoint a true master in chancery is particularly burdensome.

We see no occasion for present consideration of the wife's contentions concerning a legacy, received by the husband in August, 1956 before the divorce, not listed by the master. While this no doubt is material to the financial ability of the husband, that whole subject matter remains for consideration by the judge upon full evidence being adduced.

We now consider two specifications of error concerning the depositions of the mother and family friend of the husband, who furnished the $7,500 and $3,000 sums, respectively. These depositions were taken in Oregon upon written interrogatories. It is specified as error that the divorce judge did not sustain objections of the wife to certain interrogatories, did not grant the wife's oral motion to suppress the depositions, and received the same in evidence.

Objections were noted by the wife to the interrogatories prior to the taking of the depositions, and at a hearing held March 21, 1957 the court said these would be passed upon when the depositions were offered in evidence except for two interrogatories struck at that time. After the depositions were taken there was a hearing on the depositions on September 14, 1957. At that time the wife made the oral motion to suppress the depositions. This was denied. According to the minutes of September 14, 1957, after argument by counsel for the wife on a portion of the wife's objections to the interrogatories: "Court terminated this hearing and would give an answer before the end of next week. After that the case would be set for hearing."

On September 27, 1957 the divorce judge overruled the

wife's objections to the interrogatories except as to one interrogatory, struck the answer to that one interrogatory, and ordered that except for that one answer "all of the evidence adduced in the course of said depositions be and the same is received in evidence."

The case was not then before the court for trial. The master did not take testimony. Receipt of the depositions in evidence was premature, because the taking of the testimony of the witnesses if present would have been premature. The depositions should not have been "received in evidence" on September 27, 1957 as the only evidence taken on the issues. When the depositions are offered at the trial, objections may be made as provided by H.R.C.P., Rule 26(e).

Neither in the specification of errors nor in the argument has the wife pointed out wherein the depositions were defective from the standpoint of the manner in which they were completed and returned, and we deem the specification of error as to denial of the motion to suppress abandoned. The specification that the objections made before the interrogatories were taken should have been ruled upon at the time is without merit.

Reversed and remanded for further proceedings consistent with this opinion.

*Ralph E. Corey* (*Clark & Corey* on the briefs) for appellant.

*Robert G. Hogan* (*Hogan & Howell* on the brief) for appellee.