ANTOINETTE F. STRUZIK *v.* CITY AND COUNTY
OF HONOLULU AND MR. & MRS. JOHN J. TOLEDO.

No. 4572.

FEBRUARY 21, 1968.

RICHARDSON, C.J., MIZUHA, MARUMOTO,
ABE AND LEVINSON, JJ.

OPINION OF THE COURT BY ABE, J.

Plaintiff-appellant stepped into a hole in the unpaved portion of a sidewalk area between the sidewalk and the street curb in the City and County of Honolulu, fell and suffered personal injuries.

She brought this action alleging that the City and County of Honolulu (hereinafter called the "City"), Mr. and Mrs. Toledo and other defendants were under a duty to maintain the sidewalk area in a safe condition and that they negligently allowed a hole or depression to exist therein, as a result of which plaintiff was injured. The presence of other parties to this suit is not material to the disposition of this appeal.

The case was submitted to the jury with instructions which had been requested by appellant for special verdicts on specific issues.[1] The jury thereupon found both the City and the Toledos to have been negligent. It further found that the negligence of

---

[1]Pertinent portions of:
"INSTRUCTION NO. 89
SPECIAL AND GENERAL VERDICTS

\*     \*     \*     \*

"1. CITY AND COUNTY OF HONOLULU
    a. Was the City and County of Honolulu negligent? _____
       If the answer is 'yes'
       then answer question 'b'; and if your answer is 'no' then
       answer question No. 2.
    b. Was the negligence of the City and County of Honolulu a
       proximate cause of the plaintiff's injuries? _____

\*     \*     \*     \*"

"PLAINTIFF'S INSTRUCTION NO. 93A
The Plaintiff has alleged that the City and County of Honolulu is negligent in one or both of the two following respects: (1) its failure to have a sufficient staff to provide proper and reasonable care and continuing supervision of its sidewalks or (2) its failure to discover and with reasonable diligence correct the defect in the sidewalk fronting 2050 Oswald Street, prior to the date of the accident. With respect to item 1 set forth herein, notice, actual or constructive, by the City is not a requisite element in order to find the City negligent; with respect to item 2 set forth herein notice, actual or constructive by the City is a requisite element in order to find the City negligent."

the City was not the proximate cause of plaintiff's injuries and that the negligence of defendants Toledos was the sole proximate cause of such injuries. The Toledos alone were held liable for the injuries suffered by plaintiff, and a verdict was returned against them for the full amount of plaintiff's damages.

Plaintiff and defendants Toledos filed motions for judgment against the City, notwithstanding the verdict, and in the alternative, for a new trial. Plaintiff withdrew her motion for a new trial and a consolidated hearing on the motions was held. The trial judge denied both motions for judgment notwithstanding the verdict, but granted the Toledos a new trial.

On this appeal, appellant alleges error on the part of the trial judge in denying her motion for judgment against the City notwithstanding the verdict and in granting the Toledos' motion for new trial.

1. As to denial of motion for judgment against the City notwithstanding the verdict:

Appellant contends that the jury's special findings of negligence on the part of both the City and the Toledos are inconsistent with its findings that the negligence of the Toledos was the sole proximate cause of the plaintiff's injuries. She argues that both appellees had violated their duties with respect to the single depression into which she stepped. She also argues that where there is only one cause of an injury and two parties violate legal duties in allowing the cause to exist, and this violation results in injury, it is inconsistent to say that the negligence of one is, but the negligence of the other is not, the proximate cause of such injury.

As authority for that proposition, appellant cites *Restatement of Torts,* Section 439:

"If the effects of the actor's negligent conduct actively and continuously operate to bring about harm to another, the fact that the active and substantially simultaneous operation of the effects of a third person's innocent, tortious, or criminal act *is also a substantial factor* in bringing about the harm does not protect the actor from liability." (Emphasis added.)

That section states a well-settled rule of law that recovery for personal injuries does not depend on proof that the defendant's negligence was the sole cause of such injuries. A defendant is not relieved of liability for his negligent act although the conduct of another is also a substantial factor in bringing about the injuries suffered by the plaintiff. *Kendrick* v. *Piper Aircraft Corporation*, 265 F.2d 482, 485 (3d Cir. 1959); Prosser, *Torts*, 3d ed., § 41, p. 243. It must be noted, however, that a necessary prerequisite to any such theory of liability is the element of proximate cause. This is to say that, while a defendant may be held liable for damages caused by his negligence despite the fact that the conduct of another concurs in bringing about the harm, he may not be held liable unless his negligence is found, in the first place, to have been a proximate cause of the plaintiff's injuries. Negligence and proximate cause are, of course, separate and distinct elements and both must be proved to impose liability on a defendant. *Mitchell* v. *Branch and Hardy*, 45 Haw. 128, 363 P.2d 969 (1961); 65 C.J.S., *Negligence*, § 104.

Further, appellant contends that the evidence before the trial court was sufficient for the judge to find as a matter of law that the negligence of the City was a proximate cause of plaintiff's injuries. As a general proposition, proximate cause is a question of fact for the jury. *Ward* v. *I.-I.S.N. Co.*, 22 Haw. 66 (1914). However, where there is no conflict in the evidence and only one inference can be drawn from the facts, i.e., where reasonable men could not differ on the issue, it becomes the duty of the court to pass upon the question of proximate cause as a matter of law. *Carreira* v. *Territory*, 40 Haw. 513 (1954).

The fact that liability could have been imposed on both defendants does not make such a finding mandatory. The jury in the instant case was instructed at the request of appellant that they could find the City negligent on either or both of the following two grounds:[2] (1) its failure to have a sufficient staff to provide proper and reasonable care and continuing supervision of its sidewalks; or (2) its failure to discover and with reasonable diligence correct the defect in the sidewalk which caused plaintiff

---

[2]See footnote 1, instructions.

to fall and injure herself. The jury, under the instruction, may have found the City negligent only in failing to maintain a sufficient staff to provide proper and reasonable care and continuing supervision of its sidewalks. Indeed, the record contains evidence to sustain such a finding. The jury may also have found that there was no causal connection between the plaintiff's injuries and the City's failure to maintain a sufficient staff. Reasonable men can differ on the answer to the question whether such negligence was a proximate cause of the appellant's injuries. In this case, the issue of proximate cause was within the province of the jury and not of the trial judge. *Carreira* v. *Territory, supra.*

For the foregoing reasons, we hold that the trial judge committed no prejudicial error in denying plaintiff's motion for judgment notwithstanding the verdict.

It should also be noted that appellant had requested the two instructions in question. Even assuming that the verdict of the jury was erroneous, appellant, having invited the error by requesting the trial court to give those two instructions to the jury, should not be permitted to avail herself of the error. *Condron* v. *Harl,* 46 Haw. 66, 374 P.2d 613 (1962) ; *Madden* v. *Madden,* 44 Haw. 442, 355 P.2d 33 (1960); *Glover* v. *Fong,* 42 Haw. 560 (1958) .

2. As to granting a new trial to the Toledos:

Appellant also contends that the trial judge committed error in granting the Toledos' motion for a new trial in violation of Rule 51 (e) , H.R.C.P., the pertinent parts of which read as follows:

"Rule 51. Instructions to jury.

*     *     *     *

(e) INSTRUCTIONS AND OBJECTIONS. * * * No party may assign as error the giving or refusal to give, or the modification of, an instruction, unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. * * *"

It should be noted that federal courts have held that this rule applies to motions for new trial as well as to questions of appellate

jurisdiction. See *Schirra* v. *Delaware, L. & W.R. Co.*, 103 F. Supp. 812 (D.C. Pa. 1952); *Rosenholm* v. *Farm Bureau Mut. Auto. Ins. Co.*, 7 F.R.D. 21 (D.C. Pa. 1947); *Teller* v. *Athens Stove Works*, 7 F.R.D. 88 (D.C. Tenn. 1946); *Chlipala* v. *A.A. Morrison & Co.*, 44 F. Supp. 894 (D.C. Pa. 1942), *aff'd*, 132 F.2d 320 (3d Cir. 1942).

The record indicates that counsel for the Toledos did object to the giving of the instructions in question, although on grounds other than the ones advanced at the time the motion for new trial was filed. For purposes of this discussion, we shall assume that the objections made at that time were insufficient to meet the literal requirements of Rule 51(e).

The question then arises whether Rule 51(e) is to be strictly and literally applied in the instant case. As a general rule, the granting or denying of a motion for new trial is within the trial court's discretion. *Zimmerman* v. *Emmons*, 225 F.2d 97 (9th Cir. 1955), *cert. denied*, 350 U.S. 932. Therefore, unless a clear abuse of this discretion is shown, it is not within the power of this court to review any action taken by a trial judge on a motion for new trial. The Rules of Civil Procedure are to be liberally construed to promote justice. This policy or principle of liberal construction would be violated if we did not hold that a trial judge, in the exercise of his discretion, has the power to depart from a literal application of a rule when such action is necessary to prevent a miscarriage of justice. See *McNello* v. *John B. Kelly, Inc.*, 283 F.2d 96 (3d Cir. 1960); *Wilson* v. *American Chain & Cable Co.*, 364 F.2d 558 (3d Cir. 1966).

The problem here centers around two instructions which were

---

[3]Defendants Yamasakis' Instruction No. 9B:

"Ladies and Gentlemen of the Jury:

When you come to the issue of apportionment, if you find that the defendants, Mr. and Mrs. George M. Yamasaki, are liable, you must also find that by the contract, that is by the agreement of sale, in evidence, that the defendants Mr. and Mrs. George M. Yamasaki have passed on *the responsibility of continuously maintaining and keeping clean, passable and free from weeds and noxious growth the whole of such sidewalk* to the defendants Mr. and Mrs. John J. Toledo and thus, if you find by a preponderance of the evidence that Mr. and Mrs. John Toledo have failed in such duties and such failure constitutes negligence which was the proximate cause of the injury to the plaintiff herein, then you must find for the defendants

given to the jury.[3] These instructions were obviously based on § 142-21, R.L.H. 1955, as amended,[4] and § 20-5.1, Revised Ordinances, City and County of Honolulu,[5] and were phrased in such a manner that the jury could very well have been led to believe that a homeowner is under either a statutory or common law duty to the general public to maintain the sidewalk area abutting his property.

The statutes impose upon an abutting landowner a duty to maintain the sidewalk areas fronting his property. The statutes also empower the City and the State to proceed to clean the area and subject the owner to the costs of such cleaning in the event an owner fails to carry out this duty. These statutes are common in the United States and we agree with courts of other jurisdictions that the liability established by such statutes is to the city or state only, and only to the extent of being liable for the costs of cleaning and maintaining the sidewalk area. Such statutes do not impose a liability upon a property owner for injuries suffered by an individual pedestrian because of a defec-

---

Mr. and Mrs. George M. Yamasaki as against the defendants Mr. and Mrs. John Toledo." (Emphasis added.)

Defendant City and County of Honolulu's Instruction No. 21B:

"It is the duty of the owner or occupant of premises, abutting a sidewalk, upon which he may exercise a special use, to use reasonable diligence to keep the sidewalk in repair since the law places upon him the obligation of using ordinary care to keep it in a safe condition for the public."

[4]Section 142-21, R.L.H. 1955, as amended, reads:

"§ 142-21. Honolulu sidewalks, cleaning thereof. After the establishment of the grades of streets within the city and county of Honolulu and the construction of streets and adjacent sidewalks under chapter 153 every property owner whose frontage abuts or adjoins such streets and sidewalks shall, after the construction of such streets and sidewalks, continuously maintain, and keep clean, passable and free from weeds and noxious growths the whole of such sidewalk as may abut or front upon his premises and property."

[5]Section 20-5.1, Revised Ordinances, City and County of Honolulu, reads:

"§ 20-5.1. Cleaning of Sidewalks.

After the establishment of the grades of streets in the City, as by law prescribed, *every property owner whose land abuts or adjoins such streets shall continuously maintain, and keep clean, passable and free from weeds and noxious growths, the sidewalk area which abuts or adjoins his property.* The term 'sidewalk' as used herein, shall mean that portion of a street between a curb line, or the lateral line of a roadway, and the adjacent property line intended for the use of pedestrians, including any set-back area acquired by the City for road widening purposes. (Ord. 1996) ."
(Emphasis added.)

tive sidewalk. *Fischer* v. *Salomone,* 136 N.J.L. 431, 56 A.2d 428 (1948) ; *McCarthy* v. *Adams,* 42 Ohio App. 455, 182 N.E. 324 (1934) ; 25 Am. Jur., *Highways,* § 366.

We also hold that an owner of land abutting a public sidewalk is under no common law duty to maintain the sidewalk in a safe condition for the public merely because of that ownership. *Levendoski* v. *Geisenhaver,* 375 Mich. 225, 134 N.W.2d 228 (1965); *Schaefer* v. *Lenahan,* 63 Cal. App. 2d 324, 146 P.2d 929 (1944) ; 88 A.L.R.2d 331, 340.

We are of the opinion that the jury in this case may have been led to believe that the Toledos as abutting property owners owed appellant a duty, either under the statutes, ordinances or common law, to maintain the sidewalk area in a safe condition, and, therefore, the trial judge properly granted the Toledos a new trial to prevent a miscarriage of justice.

Judgment affirmed.

*Norman Chung* and *Bert Kobayashi, Jr., (Chung, Vitousek, Chuck & Fujiyama,* of counsel, and *Charles M. Tonaki* on the briefs) for plaintiff-appellant.

*William Yim,* Deputy Corporation Counsel *(Stanley Ling,* Corporation Counsel, and *Roy Y. Kawamoto,* Deputy Corporation Counsel, on the brief) for defendant-appellee City & County of Honolulu.

*John A. Chanin* and *James S. Campbell (Smith, Wild, Beebe & Cades* of counsel) for appellees Toledo; *Bernaldo D. Bicoy,* attorney for appellees Toledo, appeared but did not argue.