**Thomas J. JONES, a single man, Plaintiff-Appellant,**

v.

**HALEKULANI HOTEL, INC., a Hawaiian Corporation, John Doe and the XYZ Corp., a corporation, Defendants-Appellees.**

**No. 75–3589.**

United States Court of Appeals, Ninth Circuit.

July 21, 1977.

---

Paul G. Rees, Jr., argued, Rees, Mercaldo & Smith, Tucson, Ariz., for plaintiff-appellant.

Ronald D. Libkuman, argued, Honolulu, Hawaii, for defendants-appellees.

Before ELY, HUFSTEDLER and WRIGHT, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

On March 27, 1970, Tom Jones, then a minor, dove from a seawall on Halekulani Hotel property into shallow ocean water, fracturing his neck, rendering him a quadriplegic. Jones, an Arizona resident, brought a diversity action in district court in Hawaii, claiming that the Halekulani Hotel breached its duty to warn users of the seawall of the shallowness of the water, or otherwise to protect users of the walkway from dangers incident to its use.

The hotel moved for summary judgment on alternate theories that (1) the state of Hawaii had acquired an easement by prescription over the top of the seawall and thus had the sole duty to maintain the seawall, or (2) the provisions of *Haw.Rev.*

*Stat.* ch. 520 (Supp.1975)[1] precluded liability on its part in this case. The district judge found both grounds valid and granted the motion.

On appeal appellant argues that genuine issues of material fact existed as to (a) the presence of a beach bordering the seawall in the 1950s and (b) the extent to which Halekulani exerted control over the seawall. Because we decide this appeal on the basis of the appropriateness of summary judgment, we do not reach the issue of the constitutionality of *Haw.Rev.Stat.* ch. 520 (Supp.1975).

■ The rule is well-established that summary judgment is proper only where there is no genuine issue of any material fact, or where, viewing the evidence and inferences which may be drawn therefrom in the light most favorable to the adverse party, the movant is clearly entitled to prevail as a matter of law. *Stansifer v. Chrysler Motors Corp.*, 487 F.2d 59, 63 (9th Cir. 1973).

The existence of a beach adjoining the seawall, providing an alternate path across Halekulani property, would be material to negate a finding of an easement by necessity but is not material to the issue of an easement by prescription.

Uncontradicted affidavits establish public use of the seawall as a walkway from 1917 to 1972. The hotel owners have never attempted to interfere with such pedestrian traffic and have assumed that the public had a right to use the wall as a public walkway.

■ Use which is constant, uninterrupted and peaceful is sufficient to create an easement by prescription. Because appellant produced no countering affidavits, appellee's affidavits are taken as true. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 161, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment was proper on the legal issue of whether an easement by prescription existed on the seawall, there being substantial evidence to support the district court's decision.

■ The appellant argues that, because a hotel employee, a "beach man," had at some uncertain time in the past chased youngsters away from the seawall once or twice to prevent them from diving into the water, there existed a genuine issue of material fact as to whether Halekulani had exerted such control over the seawall that a basis for its liability in the present case had been established. Such exercise of control, appellant argues, creates a duty to maintain the seawall which is separate from the duty imposed on the state of Hawaii.[2] We disagree. The authority of the "beach man" as the hotel's agent for the purpose claimed was not established. The incidents were isolated, the youngsters who had been chased away were at a location other than that at which the appellant's accident occurred, and no acts by any employee of Halekulani were directed to Jones.

Thus, Halekulani had done nothing to create a previously nonexistent duty toward Jones, and it is clear that there had been no consistent, continuous activities on the part of Halekulani in respect to the seawall such as to justify a finding that the hotel had exerted such dominion over the wall and its users that there existed some duty on its part in respect to the protection of the appellant against his own act.

---

1. This chapter was enacted to encourage land owners to make their land available to the public for recreational purposes by limiting their liability toward persons entering the land for such purposes. The landowner's duty of care was limited so that he had no duty to keep the premises safe for entry or use for recreational purposes, or to give any warnings of a dangerous condition. *Haw.Rev.Stat.* § 520–3 (Supp.1975).

 Appellant attacked the chapter on three grounds: (1) it should not apply to persons who held their land open to the public prior to the date of enactment of the chapter; (2) it is not self-executing; and (3) it is unconstitutional as a denial of equal protection of the laws.

2. *Levy v. Kimball*, 50 Haw. 497, 443 P.2d 142 (1968) established that when a public easement is acquired by the state, the state has a duty to keep it in repair and is liable in damages for injuries caused by its failure to keep the easement in a safe condition. *See also*, Restatement (2d) of Torts, § 349 (1965).

The Hawaii Supreme Court has characterized this type of seawall easement as a "public thoroughfare" or "public highway" as described in *Haw.Rev.Stat.* § 264–1 (1968). *Levy v. Kimball*, 50 Haw. 497, 443 P.2d 142 (1968). Because the hotel had no right to control the use of the public thoroughfare, the extent of its exercise of control is irrelevant unless that exercise created the dangerous condition. This, however, does not appear to be the case. Nothing in the record indicates that Halekulani altered the seawall or put it to any special use so as to become liable under the theories developed in *Struzik v. City and County of Honolulu*, 50 Haw. 241, 437 P.2d 880 (1968) and *Chambers v. City and County of Honolulu*, 48 Haw. 539, 406 P.2d 380 (1965).

■ It is inequitable to impose a duty of maintenance on one without authority to control use. *See Perkins v. Byrnes*, 364 Mo. 840, 269 S.W.2d 52, 54 (1954). Halekulani had no option to exclude the public from the seawall and adjacent beach.

The absence of right to control the seawall also distinguishes this case from cases denying summary judgment or holding resort owners liable for injuries occurring in adjacent public waters. *E. g., Tarshis v. Lahaina Inv. Corp.*, 480 F.2d 1019 (9th Cir. 1973) (plaintiff injured by waves on hotel beach frontage); *Grove v. D'Allessandro*, 39 Wash.2d 421, 235 P.2d 826 (1951) (plaintiff dove from defendant's slide tower); *Vukas v. Quivira, Inc.*, 166 Kan. 439, 201 P.2d 685 (1949) (plaintiff dove from defendant's swimming platform); *Hanson v. Christensen*, 275 Minn. 204, 145 N.W.2d 868 (1968) (plaintiff dove from defendant's pier).

The judgment of the district court is AFFIRMED.