**In re GABRIELE & CO. FURNITURE, INC., Debtor.**

**Ralph AOKI, Trustee, for Gabriele & Company Furniture, Inc., Plaintiff,**

v.

**Charles HEEN and Charles Chang, Defendants.**

**Bankruptcy No. 83–0045.**

United States Bankruptcy Court, D. Hawaii.

July 19, 1983.

Ralph Aoki, Trustee.

James Leavitt, Honolulu, Hawaii, for plaintiff.

Michael O'Connor, Honolulu, Hawaii, for defendants.

## MEMORANDUM DECISION AND ORDER

JON J. CHINEN, Bankruptcy Judge.

On April 21, 1983, Ralph Aoki, Trustee for Gabriele & Co. Furniture, Inc., filed a Motion for Partial Summary Judgment, arguing that no issues of material fact existed in the Second Cause of Action in the Complaint and asked for judgment in the amount of $334,303.10.

On May 6, 1983, the defendants Charles Chang and Charles Heen filed a Memorandum of Points and Authorities in Opposition to Motion for Partial Summary Judgment, claiming that issues of material fact are present in the Second Cause of Action.

On May 11, 1983, the Motion for Partial Summary Judgment was heard before this Court with James Leavitt representing the movant Ralph Aoki and Michael O'Connor representing the defendants Heen and Chang, hereafter "Defendants". The Court took the matter under advisement, requesting the Parties to file supplemental memorandum by May 23, 1983. Defendants submitted a Supplemental Memorandum of Points and Authorities in Opposition to Motion for Partial Summary Judgment on May 23, 1983. Trustee submitted a Supplemental Memorandum in Support of Motion for Partial Summary Judgment on May 27, 1983. The Court, having considered the Memoranda, the records herein and the argument of counsel, makes the following Findings of Fact, Conclusions of Law and Order.

## FINDINGS OF FACT

1. The Trustee herein filed a complaint against Defendants, alleging in eight causes of action that the Defendants had breached their fiduciary duties as shareholders by proposing and agreeing to the corporate repurchase of Heen's stock by Gabriele & Co. Furniture, Inc., hereafter "Gabriele". Heen, a twenty-five percent shareholder in Gabriele, had requested the corporation, on April 28, 1980, to repurchase his stock interest for $200,000. On May 2, 1980, Gabriele accepted Heen's proposal for the sale of his stock by giving Heen $150,000 worth of furniture. The wholesale value of the furniture which Heen eventually accepted was $113,784.92. At the time of the foregoing transaction, Heen also submitted his resignation from the corporation as Director and Treasurer.

2. In the motion presently before this Court, Trustee is seeking summary judgment on the second cause of action, in which he alleges that the corporate repurchase of Heen's stock is in direct violation of the law.

3. Corporate repurchase of a shareholder's stock is, in general, disallowed. HRS 416–28 explicitly states that:

A corporation shall not purchase, directly or indirectly, any shares of stock issued by it, except as permitted by this section.

HRS 416–28 permits stock repurchases under the following circumstances:

(1) To collect or compromise in good faith a debt, claim, or controversy with any stockholder or stockholders of the corporation; or

(2) From a stockholder or stockholders of the corporation who, by reason of dissent from any proposed corporate action, is or are entitled pursuant to statutory provisions to receive the value of the shares; or

(3) From officers or employees of the corporation who have purchased shares from the corporation under agreement reserving to the corporation the option to repurchase or obligating it to repurchase shares.

HRS 416–28 further states that:

A corporation may also purchase shares of stock issued by it by the use of any surplus of the corporation, including paid-in surplus created by a reduction of capital stock.

3. Trustee argues that, as a matter of law, Gabriele's repurchase of Heen's stock is a violation *per se* of HRS 416–28. Defendants counterargue that the share repur-

chase was made in accordance with the provisions of HRS 416–28 which allow such a transaction if surplus funds are used, or if the repurchase was made to "collect or compromise a debt, claim, or controversy."

4. In order for partial summary judgment to be granted in accordance with FRCP 56, which is made applicable to bankruptcy proceedings by Bankruptcy Rule 756, the Court must determine if any factual dispute exists with regard to the following issues:

(1) whether surplus funds were available to Gabriele to repurchase the stock in question; and

(2) whether HRS 416–28, which allows repurchase of stock if. done to "collect or compromise a debt, claim or controversy", is applicable to Gabriele's repurchase.

5. This Court requested that supplemental memoranda be submitted by the parties on the proper interpretation of the phrase which allows repurchase of shares with surplus funds. Defendants argue that surplus is equivalent to retained earnings and that Gabriele had sufficient retained earnings to purchase Heen's stock. Trustee does not provide a definition of the term *surplus* but contends that there clearly was no surplus in the corporation.

6. Defendants contend that HRS 416–28, which allows corporate repurchase "to collect or compromise a debt, claim or controversy" permits the transaction between Heen and Gabriele. Trustee claims that this provision is irrelevant to Heen's repurchase.

7. Trustee has requested judgment for $334,303.10. Defendants argue that if they were found liable, then the wholesale value of $113,784.92 should be used to measure damages and not the retail figure of $334,303.10. Trustee has indicated that he would accept judgment for the wholesale value of the furniture at present, and settle the issue of damages at trial. Trustee, however, has not amended his complaint with respect to the judgment he seeks.

8. Wherever these Findings of Fact are Conclusions of Law, they are hereinafter incorporated as such.

## CONCLUSIONS OF LAW

1. In order for the trial court to grant a motion for partial summary judgment in accordance with FRCP 56 and Bankruptcy Rule 756, the Court must determine that (1) there is no genuine issue of any material fact or (2) when viewing the evidence and inferences which may be drawn therefrom in the light most favorable to the adverse party, the moving party is entitled to judgment as a matter of law. *See* e.g., *Jones v. Halekulani Hotel, Inc.,* 557 F.2d 1308 (9th Cir.1977).

To justify the grant of a motion for summary judgment, the record must show the movant's right to it with such clarity as to leave no room for controversy and must demonstrate that his opponent would not be able to prevail under any discernible circumstances. *Nyhus v. Travel Management Corporation,* 466 F.2d 440 (D.C.Cir.1972).

2. Disputes have arisen in the present case on the issues of (1) whether surplus funds were available for the repurchase of Heen's stock; (2) whether the repurchase was made to satisfy a claim or controversy; and (3) what the correct measure of damages is if Trustee prevails.

3. Trustee has not demonstrated with "such clarity as to leave no room for controversy" that surplus funds were unavailable to Gabriele to repurchase Heen's shares. HRS does not define the term surplus. Trustee has not provided the Court with a definition of the word and Defendants have argued that surplus is synonymous with retained earnings. The definition offered by Defendants is, however, inconsistent with that found in Black's Dictionary. Black's defines the term *surplus of a corporation* as:

the net assets of the corporation in excess of all liabilities including capital stock, *Winkelman v. G.M.C.,* D.C.N.Y., 44 F.Supp. 960, 996; or what remains after making provisions for all liabilities of every kind, except capital stock, *Insurance*

*of North America v. McCoach,* C.C.A.Pa., 224 F. 657, 658.

The definition and interpretation given the word *surplus* are in factual dispute and will have to be addressed at the trial.

4. Furthermore, Trustee has not presented evidence that would demonstrate that Defendants would be unable to prevail under any discernible circumstances on their argument that the stock repurchase was made to satisfy "a debt, claim or controversy." If the repurchase was made to settle "a debt, claim or controversy" between Heen and Thomas Gabriele, President of Gabriele, as shareholders, it is not allowable within HRS 416–28. Spradlin, "Stock Repurchases to Preserve Control Under Hawaii Law," 6 HBJ 81 (1969). Only when the dispute is between the corporation on one hand and the stockholder on the other can HRS 416–28 be successfully invoked. A factual dispute, therefore, exists in determining whether the "debt, claim or controversy" between Heen and Gabriele is viewed as one between shareholders or between the shareholder and the corporation.

5. There is also a factual dispute between the Trustee and Defendants over the amount of damages which should be awarded if Trustee prevails on the motion.

6. Issues of material fact remain to be resolved in the Second Cause of Action in Trustee's Complaint. The motion for partial summary judgment must, therefore, be denied.

### ORDER

Pursuant to FRCP 56 and Bankruptcy Rule 756 the Motion by Ralph Aoki for Partial Summary Judgment on the Second Cause of Action is denied.