**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUL 2 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BEHROUZ SHOKRI,

           Plaintiff-Appellant,

  v.

THE BOEING COMPANY, a Delaware corporation,

           Defendant-Appellee.

No.   18-35434

D.C. No. 2:16-cv-01132-RSM

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted May 13, 2019
Seattle, Washington

Before: KLEINFELD and FRIEDLAND, Circuit Judges, and EZRA,[**] District Judge.

Appellant was laid off as part of a 2015 Reduction in Force ("RIF") at Appellee Boeing Company ("Boeing" or "Appellee"). As the facts of that layoff are familiar to the parties, the Court will not recite them here. Appellant filed suit

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

against Boeing, alleging race and national origin discrimination and retaliation in violation of 42 U.S.C. § 1981 and the Washington Law Against Discrimination ("WLAD"), Wash. Rev. Code. 49.60.180.

Boeing moved for summary judgment, which was granted by the district court. This appeal followed. Appellant argues that the district court impermissibly failed to view inferences in the light most favorable to him as the nonmoving party, and that he successfully raised genuine issues of material fact with regard to both his discrimination and retaliation claims.

A district court's grant of summary judgment pursuant to Federal Rule of Civil Procedure 56 is reviewed *de novo*. *Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 996 (9th Cir. 2012). Rule 56(a) provides that summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact is absent if, upon "viewing the evidence and inferences which may be drawn therefrom in the light most favorable to the adverse party, the movant is clearly entitled to prevail as a matter of law." *Diaz v. Eagle Produce Ltd. Partnership*, 521 F.3d 1201, 1207 (9th Cir. 2008) (quoting *Jones v. Halekulani Hotel, Inc.*, 557 F.2d 1308, 1310 (9th Cir. 1977)). Summary judgment is inappropriate if reasonable jurors, drawing all inferences in

favor of the nonmoving party, could return a verdict in the nonmoving party's favor. *Id.*

For both his state and federal claims Appellant must first establish a *prima facie* case. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Rashdan v. Geissberger*, 764 F.3d 1179, 1182 (9th Cir. 2014); *Poland v. Chertoff*, 494 F.3d 1174, 1179–80 (9th Cir. 2007).

The district court concluded that Appellant established a *prima facie* case for both retaliation and discrimination, and we can assume that determination was correct. The burden then shifted to Boeing to establish a "legitimate, non-discriminatory reason" for its employment decisions. *Chuang v. Univ. of Cal. Davis, Bd. of Trs.,* 225 F.3d 1115, 1123–24 (9th Cir. 2000). Boeing did so, pointing to Appellant's low scores both on his 2014 year-end review and during the 2015 RIF as reasons for his termination. The burden then shifted back to Appellant to raise a triable issue of fact that the offered reasons were pretextual by presenting "specific, substantial evidence," *Wallis v. JR Simplot Co.*, 26 F.3d 885, 890 (9th Cir. 1994) (quoting *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983)), beyond that which was sufficient for his *prima facie* case to rebut Boeing's stated reason. *Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1069 (9th Cir. 2003); *see also Tex. Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 256 (1981) (holding that an employee may establish pretext "either directly, by persuading the court

18-35434

that a discriminatory reason more likely motivated the employer, or indirectly by showing that the employer's proffered explanation is unworthy of credence"). We hold that, viewing the facts in the light most favorable to Appellant, he failed to produce "specific and substantial" evidence to overcome Appellee's stated nondiscriminatory reasons, and accordingly **AFFIRM** the district court's grant of summary judgment.

None of the evidence Appellant presented generated a genuine issue of material fact that Boeing's stated reasons for Appellant's termination—his low 2014 performance management review scores ("PMs") and low 2015 RIF scores— were pretextual. Appellant presented evidence that his manager gave him lower scores than he had previously received from other managers and that he advocated against Appellant during the RIF process. However, Boeing presented evidence that the lowered scores were in accordance with an internal directive to managers to space scores out along a bell curve, and that many employees outside of Appellant's protected class also received lower scores. On this record, Boeing articulated unambiguous, neutral reasons for Appellant's termination, and the burden shifted to Appellant to rebut them with some showing of pretext. *Contra Scrivener v. Clark Coll.*, 334 P.3d 541, 547 (Wash. 2014) (relying on ambiguous reasons by an employer when finding pretext in a WLAD case).

Appellant failed to meet his burden to rebut Boeing's stated reasons for his

18-35434

termination. Moreover, he failed to raise a genuine issue of material fact as to who the correct comparators for his position were[1] and as to whether he was treated differently than others who were similarly situated.[2] Accordingly, the district court's grant of summary judgment as to his discrimination claim was proper.

With regard to retaliation, Appellant likewise failed to meet his burden to rebut Boeing's stated legitimate reasons for his termination. The record again supports the district court's finding that Appellant failed to show any genuine issue of material fact as to pretext. Appellant first engaged in protected activity on January 5, 2015, when he voiced his dissatisfaction to his manager about his 2014 PM ratings, refused to sign off on them, and indicated that he was making an ADR complaint.[3] This was followed by adverse employment actions culminating in Appellant's termination. These adverse actions, however, are premised on the pre-complaint 2014 PM scores. Appellant's RIF rating comported with his middling

---

[1] Appellant rejected being compared to others with the same Boeing job code and instead relied on another classification (that of being a Subject Matter Expert, or "SME") to establish other employees with whom he was similarly situated. This "SME" designation was not used by Boeing in any official capacity and was used only in limited contexts by one Boeing executive for whom Appellant performed tasks. Appellant has therefore not presented any evidence that this designation is a meaningful one here.

[2] Nine of sixteen employees scored by Appellant's new manager received lower scores on their 2014 PM ratings, two of four employees with Appellant's job code scored by his new manager received lower scores, and two non-minority employees with Appellant's job code were laid off in the 2015 RIF.

[3] Contrary to Appellant's position in his briefing and at argument, his statements to his manager during the October altercation are not protected activity.

performance evaluation, which predated any protected activity. In addition, Appellant's manager assigned him RIF ratings that were initially higher than those of several of his peers before they were reduced during a consensus meeting with other managers. It is not reasonable to infer, based on that action, that Appellant's new manager was attempting to retaliate against him, given that the lower-ranked employees would have been laid off before Appellant based on the new manager's initial scores. Accordingly, the record does not raise a genuine question whether Boeing acted with a retaliatory motive.

We find, viewing the facts in the light most favorable to Appellant, that the district court properly granted summary judgment on both Appellant's discrimination and retaliation claims. We **AFFIRM** the judgment of the district court and the grant of summary judgment to Appellee Boeing.

**AFFIRMED**.